E. G. BRAUCKMAN, Appellant, v. HARGADINE, McKITTRICK DRY GOODS COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted March 7, 1910. Opinion Filed March 22, 1910.

APPELLATE PRACTICE: Trial Court's Finding, on Conflicting Evidence, Conclusive. There being conflicting evidence, from which different conclusions might be drawn by the trier, the conclusion thereon of the trial court will be followed.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey*, Judge.

AFFIRMED.

*John H. Drabelle* for appellant.

*Johnson, Rule & Allen* for respondent.

REYNOLDS, P. J.—This case was before this court on appeal by defendant and is reported 91 Mo. App. 454. The pleadings and evidence differ so slightly from those on the former trial, and are so fully set out in the report, that it will serve no useful purpose to go over them, even to the extent of pointing out the

differences now exhibited, save to remark that two causes of action formerly thought to have been embraced in one count are now stated in two counts of the petition, one founded on the rental claimed to be due for the use of the plant, the second count founded on a charge for the use of additional arc and incandescent lamps. The case was tried, on being reversed and remanded, before the court, a jury being waived, on the transcript of the testimony given at the former trial, with some slight additional testimony, mainly directed to explanation by plaintiff as to the discounting of rentals, it being to the effect that in October, 1897, following out a custom between the parties to discount the rental in advance, the monthly bills for December, 1897, and for January, February, March and April, 1898, at the rate of $175 per month, had been discounted, and that this had been done January 20, 1898, on the rentals for the months of May and June, 1898, the rental as well as the charge for the extra lamps, and some service charges, being discounted, the rental · for those months being carried at the rate of $175 per month and not at $150. There was also some additional evidence by plaintiff to the effect that at the time of the discounting of these notes with the rental at the $175 rate, nothing was said on either side as to whether the occupancy was to continue after the 1st of December, 1897, under a new arrangement or tenancy, or whether that tenancy continued under the original contract.

When the case was reversed before, as will be seen by referring to the report of the decision, it was for the refusal of the court to give an instruction asked, it being held that that refusal rendered it impossible to determine upon what theory of law the court decided the case, this court saying, at page 466, that the vital question in the case was whether or not respondent had exercised its option to renew the contract for a year or longer or to continue the use of the plant from month to month under a tacit understanding with re-

spondent that it might do so.  At the present trial before the court, the instruction referred to was given, with very slight verbal changes, and the learned trial judge, among other declarations of law given on his own motion and on motion of defendant, gave the following:

"The court of its own motion declares the law to be that under the decision rendered in this case by the St. Louis Court of Appeals at its October Term, 1901, to-wit, on the 7th of January, 1902, there is now but one question for decision by this court, and that is one of fact, *viz.*, whether as claimed by plaintiff, the defendant exercised its option under the written contract between plaintiff and the defendant, dated July 22, 1895, and read in evidence, to hold and use the lighting plant referred to in said contract for one year from and after December 1, 1897, at a monthly rental of $150 per month, or whether, as claimed by defendant, it held and used said plant after said date from month to month with the consent of plaintiff, and at a monthly rental of $175 a month.

"Upon this question the court finds in favor of defendant under the evidence adduced, and further finds that defendant has paid the plaintiff in full for the hire of said plant during the time the same was used by it."

No declarations of law appear to have been asked on the part of the plaintiff, he resting on the errors of the court in giving the declarations of law above referred to.  After judgment in favor of defendant, plaintiff filed his motion for a new trial which was overruled, exception duly saved and he has appealed to this court.

The substantial errors assigned in the motion for new trial and urged here are to the effect that the court erred in its conclusions of law on the facts found and that the conclusion of facts found by the court was against the evidence and against the weight of the

evidence. The gist of the decision reversing the case when here before is in the concluding part of it, that it is a question of fact not of law under the evidence in the case whether or not appellant exercised its option and held the plant from month to month by the consent of the respondent, and that that question might be tried under proper instructions, the judgment was reversed and the cause remanded. We think that the declaration of law which we have set out in full and which may be said to be an epitome of the other declarations of law given, correctly states that law as laid down by this court, and is sustained by sufficient evidence in the case to warrant us, as a reviewing court, in saying that there is no reversible error in the case. The determination of the weight of evidence was with the learned trial court; there was conflicting evidence, evidence from which different conclusions might be drawn by the trier, and under such circumstances this court follows his conclusion, finding no errors of law in the declarations given. The judgment of the circuit court is affirmed. All concur.